Good morning, Your Honor. Good morning. My name is Thomas Settey. I'm of counsel to the Law Office of Susan Tipograf, who's the CJA court-appointed counsel to the appellant. The issue we have here today, the question for the Court is, where an obstruction enhancement was clearly justified, whether the district court erred in refusing to grant an acceptance of responsibility adjustment as well. And we have several levels. We say that he, the district court misconstrued the statute and also made factual errors. So the statute itself, the acceptance of responsibility statute, has a number of application notes. The district court seized on language in the application note four, which claims that, or which advises that only in an extraordinary case should acceptance of responsibility be granted where obstruction itself, I mean, obstruction has also been imposed. So, but application note three states that there should be a balancing test where evidence of acceptance of responsibility outweighs evidence of obstruction than it would be fitting to also grant the acceptance of responsibility reduction. So . . . The guideline also says . . . Excuse me? The guideline itself, not the commentary, says that the defendant gets this reduction when he, quote, clearly demonstrates, end quote. And what is it that he did? He reviewed everything on the record and he made a judgment. I don't understand how that . . . Well, I think that there's – I think he discounted, Your Honor, excuse me, I think he discounted the actual acceptance of responsibility. I mean, there was no question that, I mean, Judge Lynch himself has said the paramount concern in determining whether acceptance of responsibility is warranted is has he, has somebody clearly pled guilty and expressed contrition. And . . . Well, is it your position, then, that whenever anybody pleads guilty after an obstruction act, which is the facts here, that they are entitled to acceptance of responsibility? We're not alleging entitlement, Your Honor. What I'm saying is that application note three, which talks about weighing the different factors, should be elevated or at least read in conjunction with extraordinary. Here, the judge got fixated on extraordinary. Extraordinary to me is a very subjective experiential standard. I mean, the purpose of the guidelines is to inject uniformity into sentencing. So one judge's extraordinary experience may be another's run of the mill. So what we would like to supplant the extraordinary standard with or at least read these two notes in conjunction and say it should be really about a balancing of factors. Now, application note four says that . . . One judge's balancing of factors is going to be different than another's, right? Ultimately, this is a factual conclusion that the district court has to reach. I don't . . . So I, you know, you've taken my name in vain. I'm happy to stand by what I said and what I did as a district court judge fairly frequently. But at the end of the day, it's all a matter of sizing up the defendant. I mean, your argument that he had all these reasons for why he ran off and he came back and he said he was sorry and all of that might well have moved me, but I wasn't there. I didn't see him. The district judge did, and the district judge reached a discretionary factual conclusion about whether acceptance of responsibility applies in a situation where whatever way you give the word extraordinary, the presumption has to be the other way, right? The presumption is he's not going to get it. That's what the guideline's starting point is, is that you lose it if you obstruct justice, but there will be exceptions. I wouldn't even completely agree with what the Court said right there. What I believe is, first of all, I think that there was a mistake in methodology. To focus on extraordinary to the exclusion of weighing factors was a clear mistake, given I don't see any reason why you would elevate Guideline 4 over Guideline 3. So to me, that is a mistake. Now, to get into Guideline 4, ordinarily where there has been an obstruction enhancement applied, that would indicate that the defendant has not accepted responsibility for his criminal conduct, ordinarily. So there's a broad spectrum of conduct that's covered by the obstruction enhancement. Most of it, none of, I would say here what the defendant did was the least serious and the most ambiguous. I don't think you can equate obstruction with failure to accept responsibility. If somebody suborns perjury or intimidates a witness or counterfeits documents or lies to the court or even flees to the Dominican Republic the day he gets bail, that's, you can't misconstrue that. That's certainly, the defendant, it can be construed as, listen, he's trying to avoid responsibility. On the scale of, on the spectrum of what's avoiding, or what's refusing to accept responsibility, I don't think this, you know, this is the least serious behavior that's covered by the footnote, which is footnote 5, that encompasses, or that can possibly be construed as refusal to accept responsibility. So I think there's a mistake. Sotomayor, that's your opinion. And I think under this circuit's law, the district judge gets to make assessments about credibility and inferences and weighs those things and reaches a judgment. And I, you know, I might have given this man acceptance of responsibility as a trial judge, but that doesn't make this error by the, by Judge Sullivan, does it? Well, I don't The fact that people would disagree? Well, I don't think he even performed the weighing. I don't believe, he just consistently said, I don't find this to be an extraordinary case. He performed no weighing. This Court's precedent, United States v. Ruggero, recognized while not explicitly adopting the methodology, recognized that the application note says there should be a weighing. There Well, he goes over a whole set of, quote, facts, things that happened in front of him that the man was going to plea. Then he gave him a break and said, okay, come back and plea. Then the man flees. And then he, yeah, he comes back voluntarily. That's good. It's not the four-year to Dominican Republic defendant. But he comes back because the next day his father's going to lose a lot of money. I mean, all those things are covered by the judge on the record. All right. But in ultimately refusing, I mean, his actual, the judge's actual statement in refusing to impose the acceptance of responsibility was, I think, not fact-based and very speculative. He only came back after some pressure was imposed on his cosigners. That was technically true. Technically true. Yes. That's pretty fact. Okay. Well, as I pointed out in the brief, I believe when the defendant absconded, he was aware that this was going to be a result. So, I mean, he signed papers in order to get a surety bond that, you know, recognized that, listen, if I leave, my father's going to be. Well, first of all, the factual statement is about timing. Now we're arguing about what is known in logic as post hoc ergo propter hoc, which is a fallacy. But it's a fallacy as a logical conclusion. It's an inference that can be drawn, it seems to me, from this record, that when it was brought home to him that this was actually going to happen, not just that the father signed a paper that said he's going to be responsible, but that the judge is actually going to enforce that and makes this threat directly. I think it's a pretty logical inference. It's not a logical necessity. It doesn't follow as the night, the day. But it's certainly reasonable, isn't it, for the judge to think that it had some — particularly when he comes back the very day that the threat — the very day before the threat is going to be executed. It seems — you're telling me that's an unreasonable — No, I'm not, Your Honor, and I will desist and move on. Further in support of his — No, I mean, the whole business about ordinary and extraordinary, what the — what the application actually says is conduct resulting in an obstruction enhancement ordinarily indicates that the defendant has not accepted responsibility. There may be extraordinary cases. So ordinarily, you're going to lose it, but it's up to the judge. Maybe there's something that the judge will find, and that will, by definition, be extraordinary because it's not the ordinary thing. And now the judge made a determination. I mean, we've said repeatedly it's a discretionary fact-finding by the judge. Okay. Well, A, I believe that you can't automatically equate in this particular instance disappearing when he's a drug-addicted new father, for him to disappear for 22 days and then return of his own volition. He always intended to plea. I mean, there was — there's never been any question that he was always going to plea. He signed the judge's actual — I think it's the district court's own acknowledgment of rights. He signed that back in December before he left, and that's what was used at his ultimate plea in January. So I just don't see how you can equate, you know, something where you're right here, and further — I mean, I'll move on. I don't want to belabor the point. You've reserved two minutes. Okay. Is it now or — I'll sit down and regroup. Thank you, Your Honor. Good morning. May it please the Court, my name is Matthew LaRoche. I represent the government on this appeal, and I represented the government below. The law and facts necessary to resolve this appeal are straightforward and simple. Ordinarily, if a defendant obstructs justice by fleeing from prosecution, he is not entitled to acceptance of responsibility points. Here, the facts are the defendant fled pending trial and then returned 22 days later. Judge Sullivan applied these laws to these very simple facts and correctly determined that this defendant was not entitled to acceptance of responsibility points. Other than Caminero, which is a summary order in which you had to take us to the government's brief for the facts, are there any other cases in this circuit where the Court has affirmed a district judge's decision not to award acceptance where the obstructive conduct took place before the change of plea? Yes, Your Honor. I believe the case we also cited was Champion. That is not a flight case, but it's a case where the defendant, at a suppression motion, admitted to submitting a false affidavit. So that was before his plea, and the Court, again, affirmed there that the denial of acceptance points was appropriate. And again, I think there's not a hard and fast rule, and there shouldn't be. There are circumstances where the application notes hold that even if you go to trial, you might be entitled to acceptance points. The application notes also say that just because you plead guilty, you're not necessarily automatically entitled to acceptance points. Judge Sullivan understood this. He discussed the law. He discussed the facts, including all of the reasons laid out by defense counsel as reasons to award acceptance of responsibility points. His ultimate decision was sound. It was within his discretion, and it is entitled to great deference by this Court. Unless the Court has any other questions, I'll rest on my submission. Thank you. Thank you. What I neglected to point out originally, Your Honor, is that the Probation Department here, in its broad experience, also recommended that the acceptance of responsibility reduction be granted. Right. Another point that I would like to make is that there is precedent of this Court, albeit in dicta, where in the United States and Ricas, the Court said that these are precisely the circumstances in which a district court should grant acceptance of responsibility despite the application of an obstruction enhancement. So a question I believe that is yet to be resolved is if the guidelines are advisory, whether the guidelines are superior to this Court's own dicta. And in an earlier case, United States v. Bell in 1975, Judge Mulligan, I believe, pointed out that there are two types of dicta. There are judicial dictum. There's obituary dictum, where a court just makes unnecessary comments. And there's judicial dictum, where a court goes out of its way to provide a construction of a statute to guide the future conduct of inferior courts. While such dictum is not binding upon the lower courts, it must be given considerable weight and cannot be ignored in the resolution of close questions. Enriquez, I mean, I think you misstate the dictum. In Enriquez, what the Court says, this is an obvious example of a case where the Court should consider whether it's appropriate and where we might well affirm pretty routinely if the judge says I'm going to give the acceptance of responsibility despite the obstruction. But it doesn't say, nowhere says that judges should give acceptance of responsibility credit whenever the guilty plea follows the obstruction. I think that this case is better than, for the defendant, than Enriquez is. So, I mean, he proffered. He tripled his guidelines. He expressed, you know, remorse and penitence both in the plea context for his obstructive behavior and for his underlying conduct. He thanked the Court as he walked out of the courtroom with a 78-month sentence for putting him in prison because it gave him the opportunity to testify to his fellow cohabitants about the evils of drugs. He thought prison was a good place for him. So, I mean, perhaps not for that length of time, but I think, you know, he was completely sincere. So, I mean, in conclusion, I will say that, you know, I believe that objectively that he deserved it. If it's a judgment call, I understand that we're going to defer to the District Court. So, thank you.